UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

FRANCIS ALLEN,

                     Plaintiff,       **REPORT AND RECOMMENDATION**
                                          03-CV-2763 (DLI)(LB)

-v-

R.Y. MANAGEMENT CO., INC.,

                     Defendant.
---------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging that defendant discriminated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant moves to dismiss plaintiff's complaint with prejudice pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c) and 37(d), stating that plaintiff has failed to comply with the Court's orders and has failed to respond to defendant's discovery requests. The Honorable Dora L. Irizarry referred this motion to me for a Report and Recommendation in accordance with 28 U.S.C. 636(b). For the reasons that follow, I respectfully recommend that defendant's motion to dismiss should be granted and plaintiff's case should be dismissed with prejudice.

## BACKGROUND

On May 27, 2003 plaintiff filed a complaint charging defendant with discrimination in violation of the Americans with Disabilities Act. The Honorable Frederic Block[1] granted plaintiff's motion to proceed *in forma pauperis* on August 6, 2003 and ordered plaintiff to file an amended complaint within thirty days. Plaintiff filed an amended complaint on September 16, 2003 that in essence alleges that he suffers from Post Traumatic Stress Disorder ("PTSD"), that defendant refused

---

[1] This case was reassigned to the Honorable Dora Lizette Irizarry on September 9, 2004.

to accommodate his condition, and that defendant improperly terminated him in June 2002 as a result of his disability. Defendant answered plaintiff's amended complaint and an initial conference was scheduled.

At the initial conference on February 26, 2004, defendant noted that plaintiff attached to his amended complaint the third page of a report from the United States Department of Veteran's Affairs ("VA") that evaluated plaintiff's condition as 50 percent disabling, but that this report postdated plaintiff's termination.[2] Plaintiff represented that he had the complete report. (Feb. 26, 2004 Transcript at 4, 17) ("Tr. at _"). The Court ordered plaintiff to produce to defendant the entire report as well as other documents relating to his medical condition. (Feb. 26, 2004 Tr. at 18). The Court explained the discovery process to plaintiff and instructed him to obtain the rules and other information about the discovery process from the *Pro Se* Office. (Feb. 26, 2004 Tr. at 16-18, 23). The Court's February 26, 2004 order also instructed plaintiff to produce any medical reports he planned to use at trial to support his claim of discrimination, and to produce the names and addresses of his doctors.

By letter dated March 26, 2004, plaintiff delivered to defendant a complete "rating decision" medical report from the VA dated October 21, 2003. (Def.'s Mot., Ex. K.) Although this was not the same report that contained the section attached to the amended complaint, it also postdated his 2002 termination. The October 21, 2003 report, *inter alia*, rated plaintiff as 70% disabled by PTSD, rather than 50% disabled as in the earlier report. Plaintiff also included a note with what appeared to be the last names of two doctors. (Id.) He did not include the doctors' addresses as ordered. (Id.)

At a status conference on April 1, 2004, plaintiff again represented that he had a rating

---

[2] The report itself is undated, but refers to a March 15, 2003 hospital admission.

decision from the VA that predated the documents delivered to defendant on March 26, 2004 and that he would "now" deliver that earlier rating decision to defendant. (April 1, 2004 Tr. at 4.) At the same conference, the Court orally directed plaintiff to serve his responses to defendant's document request and interrogatories within thirty days. (April 1, 2004 Tr. at 20-21.) By order dated April 1, 2004, the Court directed the parties to complete discovery by September 9, 2004.

Defendant wrote to plaintiff on April 16, 2004 and asked him to sign releases for his medical records and to produce the rating decision he referred to at the April 1, 2004 conference. On or about May 3, 2004 plaintiff returned the signed medical authorizations but did not produce the requested rating decision. By letter dated May 28, 2004 defendant again contacted plaintiff and asked him to respond to defendant's document request and interrogatories as well as to produce the earlier rating decisions. Plaintiff responded on or about June 14, 2004 with a note reading "please forgive me, I'm unable to locate said copies." Defendant apparently took this to mean that plaintiff had lost defendant's First Request for Production of Documents and First Set of Interrogatories. Defendant sent another copy of those requests to plaintiff. The Court however understands plaintiff's note to mean that he could not locate copies of the VA ratings decisions that predated his termination.

By Order dated July 13, 2004, I directed plaintiff to respond to defendant's discovery demands and to produce the rating decision and any reports similar to that decision by July 30, 2004, Plaintiff was specifically warned that I would recommend that his case be dismissed if he failed to comply.

By letter dated July 27, 2004, plaintiff produced to defendant a single document from the New York State Executive Department Division of Veteran's Affairs, which was nonresponsive to defendant's requests. Plaintiff submitted neither the requested rating decisions nor the answers to

3

any interrogatories. Defendant wrote to plaintiff on July 27, 2004 and again requested that plaintiff comply with defendant's discovery requests. Plaintiff did not respond. On August 4, 2004, defendant moved the Court to dismiss plaintiff's complaint with prejudice for plaintiff's failure to comply with the Court's orders and his failure to cooperate in discovery. On August 30, 2004, plaintiff filed his opposition, which stated that defendant's motion to dismiss plaintiff's complaint should be denied "because I am disabled, my home attendent (sic) will be able to bring me to court for the hearing. In the interest of justice I should not be denied my day in court or be punished because I am disabled." Plaintiff attaches another copy of the right-to-sue letter he received from the EEOC to his opposition as well as the same nonresponsive document he produced to defendant on July 27, 2004. The Honorable Dora L. Irizarry referred the instant motion to the me for a Report and Recommendation pursuant to 28 U.S.C. 636(b).

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "If a party or a party's attorney fails to obey a scheduling order or pretrial order ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Under Rule 37(b)(2)(C), the Court may dismiss the complaint for a party's failure to comply with a Court order, including orders regarding discovery. See Fed. R. Civ. P. 37(b)(2)(C) ("... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) [a]n order ... dismissing the action or proceeding or any part thereof ...."). Rule 37(d) provides for the application of sanctions under Rule 37(b)(2)(C) to parties who, *inter alia*, fail to serve answers to interrogatories

4

or to serve responses to requests for production of documents.

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). No one of these factors is dispositive. LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Nita v. Connecticut Dept. of Envtl. Prodtection, 16 F.3ds 482, 485 (2d Cir. 1994).) The Court is not required to discuss these factors, but may elect to do so. Santos v. New York City Housing Authority, No. 01 Civ. 1646 (WHP), 2003 WL 1213335 at *3 (S.D.N.Y. March 17, 2003) (citing LeSane, 239 F.3d at 209.)

"Dismissal under Fed. R. Civ. P. 37 ... should be imposed only in extreme circumstances" where failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal quotation marks and citations omitted). This sanction may be applied even against litigants who represent themselves. See Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal.") "All litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they ... must suffer the consequences of their actions." Santos, 2003 WL 1213335 at *3 (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).)

The persistent refusal to comply with discovery orders is evidence of willfulness. Santos,

5

2003 WL 1213335 at *3 (quoting Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993).) Plaintiff failed to provide a copy of the rating decision that pre-dated his termination despite being ordered to do so on four separate occasions – twice at Court conferences, and twice by orders dated February 26, 2004 and July 13, 2004. If this were plaintiff's only failing, the Court could simply preclude plaintiff from using this document to support his claim. This is not, however, plaintiff's only failure to comply with his discovery obligations under the Court's orders.

Plaintiff was instructed in person at the April 1, 2004 conference to respond to defendant's interrogatories and document requests within thirty days. When he failed to do so, I issued an order on July 12, 2004 warning him that if he did not respond to defendant's discovery demands by July 30, I would recommend that his case should be dismissed. Plaintiff responded to that order by submitting a nonresponsive document from the New York VA along with an undated note inquiring as to the date of the next Court conference. Plaintiff has failed to respond to a single interrogatory or to produce any medical documents predating his termination despite several requests from defendant and both oral and written orders of the Court. Repeated prodding from defendant and the Court's threat of dismissal have yielded nothing more from plaintiff than one signed medical release, one relevant document (the October 21, 2003 rating decision), one nonresponsive document (the New York VA document delivered on July 27, 2004), and one ambiguous statement indicating that plaintiff cannot find unspecified documents. Although plaintiff is disabled, this does not excuse plaintiff's repeated failures to comply with defendant's discovery demands and the Court's orders.

Plaintiff has not given any reason for his failure to comply with discovery. His opposition to the instant motion merely repeats that he is disabled. The Court finds that plaintiff's failure to comply with the Court's orders and defendant's straightforward discovery requests is willful.

Plaintiff chose to oppose defendant's motion rather than to comply with outstanding discovery requests. Plaintiff has been given many months and several opportunities to comply with his discovery obligations. Accordingly, his failure to comply cannot be excused. See Santos, 2003 WL 1213335 at *5 (dismissing plaintiff's case pursuant to Rule 37 when plaintiff failed to correlate his alleged medical conditions with his failure to comply with discovery.)

There is nothing to suggest that lesser sanctions would be effective in this case. As noted above, if plaintiff had simply failed to produce certain documents, the Court could preclude him from using those documents to support his claim. Here, however, plaintiff has withheld the information regarding his disability that he claims he had and which defendant needs to proceed. Plaintiff has not produced any information regarding his disability status during the time he was employed by defendant. This information is crucial to plaintiff's case as well as to defendant's case. Plaintiff's opposition to defendant's motion states that he would appear for a hearing. Plaintiff has been afforded two conferences since he was served with defendant's discovery requests. The Court explained his obligation to conduct discovery in good faith each time, to no avail. The interest of justice is simply not served by giving plaintiff unlimited chances to comply with his discovery obligations.

My July 13, 2004 order specifically warned plaintiff that if he failed to respond to defendant's discovery requests by July 30, 2004, I would recommend dismissal of plaintiff's complaint. Plaintiff has failed to comply even though he was given notice that his case would be dismissed. Further conferences, orders or warnings would thus be futile. Accordingly, I respectfully recommend that defendant's motion should be granted and that plaintiff's case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c) and 37(d).

# FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

/s/ Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: October 12, 2005
Brooklyn, New York